IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAHMAL WILLIAMS TRUST** : | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| v. | : | **NO. 21-CV-2659** |
| | : | |
| **WELLS FARGO** | : | |
| **EASTWICH BRANCH** | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                  DECEMBER 21, 2021

**M E M O R A N D U M**

Currently before the Court is the *Motion to Re-Open Complaint and Amended Complaint* filed by *pro se* Plaintiff Jahmal Williams, an inmate currently incarcerated at the Detention Center in Philadelphia, Pennsylvania. (*See* ECF Nos. 5 and 6.) Williams has also filed an application to proceed *in forma pauperis*, as well as a certified copy of his prisoner account statement. (ECF Nos. 7 and 8.) For reasons that follow, the Court will reopen this case and address Williams' filings. Accordingly, Williams is granted leave to proceed *in forma pauperis;* all federal claims are dismissed, with prejudice, and any state law claims are dismissed, without prejudice.

**I.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

Williams commenced this civil action by filing a Complaint seeking damages based on the allegation that Defendant Wells Fargo Eastwick Branch violated "various banking codes." (*See* ECF No. 1.)[1] Because Williams failed to pay the necessary fees to commence a civil action or to file an application to proceed *in forma pauperis* along with a certified copy of his prisoner account

---

[1]     The Court adopts that pagination supplied by the CM/ECF docketing system.

statement, he was directed to do so by Order dated June 21, 2021. (*See* ECF No. 3.)[2] However, because Williams did not pay the filing fees or file an application to proceed *in forma pauperis* within the thirty-day time frame imposed by the Court, on August 13, 2021, the Court dismissed the case, without prejudice, and closed this action. (ECF No. 4.)

On November 4, 2021, Williams filed a *Motion to Re-Open Complaint*, along with an Amended Complaint, an application to proceed *in forma pauperis*, and a certified copy of his prisoner account statement. (*See* ECF Nos. 5, 6, 7, 8.) The Amended Complaint names as Defendants: Wells Fargo Eastwick Branch; Shemir Jones, an "authorized representative of Wells Fargo Eastwick Branch"; and Jane Doe, a manager of Wells Fargo Eastwick Branch. (ECF No. 6 at 1.) Williams alleges that in March 2020, he, "acting as Trustee of the Williams Family Trust presented corporation Wells Fargo with negotiable instruments by and through its authorized representative Shemir Jones." (*Id.* at 2.) He further asserts that "Wells Fargo failed to present plaintiff with value received amounting up to $72,000.00." (*Id.*) According to Williams, "Wells Fargo acting through its subagents" violated various "bank codes" and constitutional provisions, and "forfeited and breached the contracts." (*Id.*) He claims that "at all times the Williams family has been and is currently being injured by actions of officials of the Wells Fargo Corporation." (*Id.* at 4.) Williams seeks declaratory and injunctive relief, as well as $72,000 "for the value received of notes and all related principal interest amounts." (*Id.* at 2-3.)

---

[2]    The original Complaint was signed by Jahmal Saaid Williams, but the caption listed the Plaintiff as the Jahmal Williams Trust. (*See* ECF No. 1.) The Complaint alleged that the Jahmal Williams Trust, through its "authorized official" Jahmal Saaid Williams, entered into a commercial contract with Defendant Wells Fargo Eastwick Branch. (*See id.*) It was unclear from the face of the original Complaint whether the proper Plaintiff was Jahmal Saaid Williams, an individual, or the Jahmal Williams Trust. While the caption of the Amended Complaint continues to list the Jahmal Williams Trust as the Plaintiff, the named Plaintiff is listed as Jahmal Williams and the Amended Complaint, Motion to Re-Open Complaint, and the application to proceed *in forma pauperis* are each signed by Jahmal Williams. (*See* ECF Nos. 5, 6, 7.) Thus, the Court understands Jahmal Williams, the individual, to be the Plaintiff in this case.

## II. STANDARD OF REVIEW

As noted, this case was dismissed without prejudice and the matter closed when Williams failed to file an application to proceed *in forma pauperis* or pay the necessary fees to commence a civil action within the specified time. (*See* ECF No. 4.) In light of Williams's recent filings, the Court will vacate the Order closing this case, and grant Williams's motion to re-open the matter.[3]

Additionally, the Court grants Williams leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, and requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether the Amended Complaint fails to state a claim under §

---

[3]  Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend a judgment within twenty-eight days of entry of the judgment, while Rule 60(b) provides grounds for relief from judgments. However, neither Rule 59(e) nor 60(b) applies if the order sought to be reconsidered is not a final judgment or order but rather an interlocutory decision. *Bausch & Lomb Inc. v. Moria S.A.*, 222 F. Supp. 2d 616, 669 (E.D. Pa. 2002) (citing *Dayoub v. Penn-Del Directory Co.*, 90 F. Supp. 2d 636, 637 (E.D. Pa. 2000); *see also Kuri v. Bergen Cty.*, 137 F. App'x 437, 440 (3d Cir. 2005) ("[B]y its express terms, Rule 60(b) applies only to 'final judgments, orders, or proceedings.'"). A federal district court has the inherent power to reconsider interlocutory orders "'when it is consonant with justice to do so.'" *Bausch & Lomb Inc.*, 222 F. Supp. 2d at 669 (citations omitted); *see also State Nat'l Ins. Co. v. Cty. of Camden*, 824 F.3d 399, 406 (3d Cir. 2016) (explaining that Federal Rule of Civil Procedure 60(b) applies to final judgments or orders and that "[a]part from Rule 60(b), the District Court has the inherent power to reconsider prior interlocutory orders").

Here, Williams's case was dismissed without prejudice for failure to pay the necessary fees or file an application to proceed *in forma pauperis*. He has now submitted the required paperwork to proceed *in forma pauperis* and it appears that the statute of limitations has not yet run on his claims raised pursuant to 28 U.S.C. § 1983 that are based on events alleged to have occurred in March 2020. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (noting that the timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose and that the Pennsylvania statute of limitations for a personal injury action is two years (citing 42 Pa. Cons. Stat. § 5524(2))). Since the statute of limitations does not appear to have run on Williams's claims, the Court's August 13, 2021 dismissal order is not final, meaning Rule 59(e) and 60(b) do not apply. *See Core Commc'ns, Inc. v. Verizon Pennsylvania, Inc.*, 493 F.3d 333, 337 (3d Cir. 2007) ("Ordinarily, an order dismissing a complaint without prejudice is not a final order unless the applicable statute of limitations would not permit the re-filing of the claims."). Accordingly, since Williams has now complied with the Court's order directing him to pay the fees or submit paperwork for proceeding *in forma pauperis*, the Court will vacate the interlocutory Order closing this case and re-open the matter to screen Williams's Amended Complaint.

[4]  However, as Williams is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). This standard requires the Court to determine whether the amended complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation, [the Court will] accept the facts alleged in [the] *pro se* complaint as true, draw all reasonable inferences in [the plaintiff's] favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible . . . claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (internal quotations and original alterations omitted). However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

**II.   DISCUSSION**

As an initial matter, Williams appears, at times, to seek relief on behalf of his family members as well as himself. For example, Williams contends that, acting as Trustee of the Williams Family Trust, he presented Defendant Wells Fargo "negotiable instruments." (ECF No. 6 at 2.) He also claims that Defendant Wells Fargo has "failed to present plaintiff with value received amounting up to $72,000." (*Id.*) He further asserts that the "Williams family has been and is currently being injured by the actions" of Defendant Wells Fargo. (*Id.* at 4, 5.) However, Williams may not act in a representative capacity for another family member. *See* 28 U.S.C.A. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *see also Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d

169, 170 (3d Cir. 2018) ("Although an individual may represent herself or himself *pro se*, a non-attorney may not represent other parties in federal court."). To the extent that Williams is pursuing claims on his own behalf, they are addressed below.

### A. Federal Question Claims

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides, *in part*:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and/or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law; *i.e.*, whether the defendant is a state actor, depends on whether there is "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). Pursuant to § 1983, action under color of state law requires that the one allegedly liable under that statute have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011); *see also Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971); *Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017) ("[A]ctions brought directly under the Constitution against federal officials have become known as '*Bivens* actions.'").

Williams has failed to plausibly allege that Defendants violated his constitutional rights. He merely contends in a conclusory fashion that Defendants "were 'persons' for purposes of [] § 1983 and *Bivens* acting under the Color of State and Federal oaths while depriving plaintiff[] of constitutional rights" and that Defendants violated "various banking codes" and constitutional provisions. (*See* ECF No. 6 at 2.) Williams has not plausibly alleged that any of the named Defendants – a bank and its employees – have exercised power possessed by virtue of state or federal law and are subject to liability under § 1983 or its federal analogue, *Bivens*. *See McCracken v. Wells Fargo Bank NA*, 634 F. App'x 75, 78 (3d Cir. 2015) (*per curiam*) (affirming dismissal of § 1983 and *Bivens* claims against Wells Fargo because the Complaint did not plausibly show that Wells Fargo was acting under color of state or federal law); *Johnson v. New Jersey*, Civ. A. No. 20-12726, 2021 WL 4129497, at *2 n.2 (D.N.J. Sept. 9, 2021) ("Wells Fargo is not a state actor subject to liability" under § 1983); *Harrell v. Wells Fargo Bank, N.A.*, Civ. A. No. 19-1417, 2019 WL 7207490, at *8 (D.N.J. Dec. 27, 2019) ("Wells Fargo Bank is a private entity, not a state actor."), *reconsideration denied*, Civ. A. No. 19-1417, 2020 WL 7049786 (D.N.J. Aug. 28, 2020); *Pilchesky v. Lackawanna Cty.*, Civ. A. No. 16-2537, 2018 WL 2230471, at *4 (M.D. Pa. May 16, 2018) (granting motion to dismiss because plaintiff failed to adequately allege that Wells Fargo was a state actor).

To the extent that Williams raises other claims based on federal laws, he has failed to allege plausible claims. He asserts that Defendant Wells Fargo "violated various banking codes . . . Emergency Banking Act of 1933, House Joint resolution 192, Public Policy 73-60." (*See* ECF No. 6 at 2.) However, without more, Williams's Amended Complaint does not provide any factual allegations pertaining to the nature the alleged deprivation and does not support a plausible claim under the *Iqbal* pleading standard. Accordingly, any federal claims Williams seeks to assert against Defendants are dismissed, with prejudice.

### B. State Law Claims

Liberally construing the Amended Complaint, it is also possible that Williams intended to bring claims under Pennsylvania state law related to the contract he is alleged to have entered with Wells Fargo. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims.

In addition, this Court also finds that it lacks jurisdiction over Plaintiff's remaining state claim actions. Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). A national banking association is a citizen of the State designated in its articles of association as its main office. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy

requirement has been met); *Jackson v. Rosen*, Civ. A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Williams does not allege the citizenship of the parties. Rather, he provides only Pennsylvania addresses for himself and the Defendants, which suggests that he and some, if not all, of the Defendants may be Pennsylvania citizens. (*See* ECF No. 6 at 1.) Accordingly, Williams has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

Williams also has not alleged the necessary amount in controversy for bringing diversity jurisdiction claims. "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Gp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted). As Williams demands only $72,000 "of United States currency for the value received," diversity jurisdiction" does not attain for this reason as well. Consequently, all state law claims will be dismissed for lack of subject matter jurisdiction, without prejudice, to Williams's right to assert these claims in an appropriate state court.

**IV.   CONCLUSION**

Based on the reasons set forth, this Court grants Williams's Motion to Re-Open the Complaint and his application to proceed *in forma pauperis*. However, Williams's federal claims based on his alleged transaction with the Defendants are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because these claims are not plausible. Further, because it appears that any attempt to amend the claims would prove futile, these claims are dismissed, with prejudice.

*Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile."). Additionally, all state law claims Williams attempts to assert are dismissed, without prejudice, to his reassertion in an appropriate state court. An appropriate Order follows.

*NITZA I. QUIÑONES ALEJANDRO, U.S.D.C.J.*